```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBERT W. JOHNSON             :   Civ. No. 3:22CV00207(SALM)
                              :
v.                            :
                              :
STEPHANIE A. CONNELL,         :   February 28, 2022
C. GIBBS, RADAR MODEL STALKER :
DUAL, NEW YORK STATE DMV,     :
N. MORGIA, ROBERT NEWARK,     :
JEFFERSON COUNTY DISTRICT     :
ATTORNEY'S OFFICE,            :
K.J HARRIS, and OSWEGO COUNTY :
DISTRICT OFFICE FOR ATTORNEY  :
PUBLIC SAFETY CENTER          :
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on February 7, 2022. On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names eight defendants: Stephanie A. Connell; C. Gibbs; Radar Model Stalker Dual; New York State DMV; N. Morgia; Robert Newark; Jefferson County District Attorney's Office; K.J. Harris; and Oswego County District Office for Attorney Public Safety Center. See Doc. #1 at 1-2. The Complaint is submitted on a District of Connecticut complaint form. The "Jurisdiction" section states: "440: Other Civil Rights: Federal

1

Question." Doc. #1 at 3. The "Nature of the Case" section states:

> On 09/03/2021, Robert W. Johnson was authored traffic violations by C. Gibbs for alleged violations done by falsified radar: Model Stalker Dual readings. Stephanie A. Connell convicted Robert W. Johnson and abused Robert W. Johnson Due Process Rights and failed to dismiss the traffic violations. On 12/28/2021, Robert W. Johnson was authored traffic violations by K.J. Harris for alleged violations done by falsified Radar: Model Stalker Dual readings. Robert Newark, New York State DMV, Jefferson County District Attorneys Office, Oswego County District Attorney Public Safety Center abused Robert W. Johnson Due Process Rights for above-said matters.

Doc. #1 at 3-4 (sic). The Complaint asserts two claims. The first claim asserts: "All defendants committed extortion, government crimes and falsified court documents." Id. at 5. The second claim asserts: "All defendants abused immunities governed by New York State." Id. The form also includes the statement: "Change of Jurisdiction to U.S. Courthouse in Connecticut." Id. at 6.

## I.  **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

~ 2 ~

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a

self-represented plaintiff has experience with litigation, as this plaintiff does.[1] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be expansively drawn[.]" Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

## II. Discussion

The allegations of the Complaint are insufficient to support an exercise of subject matter jurisdiction. Furthermore, the Court is unable to ascertain any valid legal claim from the

---

[1] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016). Again, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332(a). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §1332. "Complete diversity of citizenship is required, meaning that there cannot be citizens from the same State on opposing sides of the litigation." Seemann v. Maxwell, 178 F.R.D. 23, 24 (N.D.N.Y. 1998). Plaintiff alleges that he and

each defendant is a resident of New York. See Doc. #1 at 1-2. Accordingly, there is no diversity of citizenship, and the Court does not have diversity jurisdiction over this action.

The Complaint asserts that defendants "abused Robert W. Johnson Due Process Rights[.]" Doc. #1 at 3, 4. However, this mere passing reference to a Constitutional right is insufficient to invoke federal question jurisdiction. See, e.g., Book v. Mortg. Elec. Registration Sys., 608 F. Supp. 2d 277, 283 (D. Conn. 2009) ("[M]erely referencing" a Constitutional provision "is not sufficient to confer subject matter jurisdiction."). The invocation of "440: Other Civil Rights: Federal Question" is also insufficient. Doc. #1 at 3. Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331.

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8.

Even assuming, arguendo, that the Court had federal question jurisdiction, plaintiff's allegations would be

insufficient to state a claim for violation of his rights under the Due Process Clause of the Fourteenth Amendment.

> Procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard. See Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999). To state a due process violation, Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1061-62 (2d Cir. 1993); Costello v. McEnery, 1994 WL 410885 *4 (S.D.N.Y. Aug. 3, 1994), aff'd, 57 F.3d 1064 (2d Cir. 1995). It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process.

Longo v. Suffolk Cty. Police Dep't Cty. of Suffolk, 429 F. Supp. 2d 553, 559 (E.D.N.Y. 2006). Plaintiff has not alleged that he was deprived of any constitutionally protected interest. Nor has he alleged any way in which the process received was insufficient.

Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice**.

III. **Conclusion**

For the foregoing reasons, the Complaint is **DISMISSED**.

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case,

together with a proposed Amended Complaint, on or before **March 22, 2022.**

It is so ordered this 28th day of February, 2022, at New Haven, Connecticut.

```
                              /s/
                         SARAH A. L. MERRIAM
                         UNITED STATES DISTRICT JUDGE
```